# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Patricia A. Miraglia and Anthony Miraglia (H/W)

**DEFENDANTS**

W.E. Bassett Company, Inc., Vibrations Sales and Promotions, Et. Cetera Marketing of NY, Inc.

**(b)** County of Residence of First Listed Plaintiff ___Cape May. New Jersey___

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Resident of First Listed _____Fairfield, Connecticut___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: INLAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address and Telephone Number)
Keven B. Steinberg, Esquire
Edelstein, Brascetta & Steinberg, LLP.
230 South Broad Street
Suite 900
Philadelphia, Pennsylvania 19102
(215) 893-9311

Attorneys (If Known)
Jonathan Dryer, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
The Curtis Center, Suite 1130 East, Independence Square West
Philadelphia, Pennsylvania 19106
(215) 627-6900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for
(For Diversity Cases Only)                and One Box for Defendant)

| | PL | DEF | | PL | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | ☐ 340 Marine | ☐ 640 Airline Regs. | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 850 Securities/ Commodities/ Exchange |
| | ☐ 355 Motor Vehicle Product Liab. | | | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | | | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 362 Personal Injury-Med. Malpractice | | | |
| ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Prod. Liab. | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | **PERSONAL PROPERTY** | | | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 370 Other Fraud | | | ☐ 893 Environmental Matters |
| | ☐ 371 Truth in Lending | | | |
| | ☐ 380 Other Personal Property Damage | | | ☐ 894 Energy Allocation Act |
| | ☐ 385 Property Damage Product Liability | | | ☐ 895 Freedom of Information Act |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | PROPERTY RIGHTS | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | ☐ 820 Copyrights | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 720 Labor/Mgmt. Relations | ☐ 830 Patent | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | | ☐ 840 Trademark | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 861 HIA (1395ff) | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | |
| | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | |
| | | | | **FEDERAL TAX SUITS** | |
| | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS-Third Party 26 USC 7609 | |

193066.1

(PLACE AN "X" IN ONE BOX ONLY)

**V. ORIGIN**

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI.  CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.  Do not cite jurisdictional statutes unless diversity)  Diversity, 28 U.S.C. § 1332 (a)(1), and ERISA 29 U.S.C. §§1001, et seq.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     ☐ DEMAND $ >$100,000     CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):     JUDGE: _____     DOCKET NUMBER _____

| DATE 5-23-06 | SIGNATURE OF ATTORNEY OF RECORD s/JMD 234/ |
|---|---|

FOR OFFICE USE ONLY

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

- 2 -

193066.1

**UNITED STATES DISTRICT COURT**                                          **APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _107 E. Jefferson Avenue, Wildwood Crest, New Jersey 08260_

Address of Defendant: _100 Trap Falls Road Extension, Shelton, Connecticut 06484_

Place of Accident, Incident or Transaction: _Unclear from the Complaint_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities?                                                 ☐ Yes   ☒ No
RELATED CASE, IF ANY:
Case Number _____ Judge _____ Date Terminated _____
Civil cases are deemed related when yes is answered to any of the following questions:
1.      If this case related to property included in an earlier numbered suit ending or within one year previously terminated action in this
        court?                                                                                              ☐ Yes   ☒ No
2.      Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously
        terminated action in this court?                                                                    ☐ Yes   ☒ No
3.      Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year
        previously terminated action in this court?                                                         ☐ Yes   ☒ No

CIVIL. (Place √ in ONE CATEGORY ONLY)
A.      Federal Question Cases:                                          B.      Diversity Jurisdiction Cases:

1. ☐   Indemnity Contract, Marine Contract and All Other Contracts       1. ☐   Insurance Contract and Other Contracts

2. ☐   FELA                                                              2. ☐   Airplane Personal Injury

3. ☐   Jones Act-Personal Injury                                         3. ☐   Assault, Defamation

4. ☐   Antitrust                                                         4. ☐   Marine Personal Injury

5. ☐   Patent                                                            5. ☐   Motor Vehicle Personal Injury

6. ☐   Labor-Management Relations                                        6. ☒   Other Personal Injury (Please specify)

7. ☐   Civil Rights                                                      7. ☒   Products Liability

8. ☐   Habeas Corpus                                                     8. ☐   Products Liability – Asbestos

9. ☐   Securities Act(s) Cases                                           9. ☐   All other Diversity Cases

10. ☐  Social Security Review Cases                                              (Please specify)

11. ☐  All other Federal Question Cases                                  **Plaintiff alleges product liability**
        (Please specify)                                                 **resulting in personal injury**

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, _Jonathan Dryer, Esquire_____, counsel of record do hereby certify:

☐       Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐       Relief other than monetary damages is sought.

DATE: _**May 23, 2005**_____           _Jonathan Dryer, Esquire____           _____34496_____
                                        **Attorney-at-Law**                    **Attorney ID #**
        **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _**May 23, 2005**_____           _Jonathan Dryer, Esquire____           _____34496_____
                                        **Attorney-at-Law**                    **Attorney ID #**

**CIV. 609 (4/03)**

193067.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

PATRICIA MIRAGLIA, et al.      :    CIVIL ACTION
                            :
          Plaintiffs      :
        v.               :    JURY TRIAL DEMANDED
                            :
W.E. BASSETT COMPANY, INC., et al.  :
                            :
          Defendants    :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff's regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONF OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255    ( )

(b)    Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c)    Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2  ( )

(d)    Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos    ( )

(e)    Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)    Standard Management – Cases that do not fall into any one of the other tracks    ( X )

| May 23, 2006 | Jonathan Dryer, Esquire | W.E. Bassett Company, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.627.6900 | 215.627.2665 | dryerj@wemed.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

193068.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA A. MIRAGLIA          AND<br>ANTHONY MIRAGLIA, H/W/<br>107 E. JEFFERSON AVENUE<br>WILDWOOD CREST, NJ 08260,<br>                     PLAINTIFFS | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br>(On Removal from the Philadelphia,<br>Pennsylvania Court of Common<br><br>No.: 05- |
|     v. | : <br> : | |
| W.E. BASSETT COMPANY, INC.<br>100 TRAP FALLS ROAD EXTENSION<br>SHELTON CT, 06484,<br>                      AND<br>VIBRATIONS SALES AND PROMOTIONS<br>770 LEXINGTON AVENUE<br>NEW YORK, NY 10021,<br>                      AND<br>ET. CETERA MARKETING OF NY,<br>INC.<br>770 LEXINGTON AVENUE FRONT<br>NEW YORK, NY 10021,<br><br>              DEFENDANTS | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant W.E. Bassett Company, Inc. ("Removing Party") hereby removes this action to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

1.    Plaintiffs commenced this action by filing a complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania on or about April 11, 2005. A true and copy of the complaint is attached hereto as Exhibit "A."

2.    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Removing Party requests removal of this action to the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the action is pending.

192931.1

3.      The Removing Party accepted service of the complaint on or about April 26, 2006. *See*, letter dated April 24, 2006 accepting service, a true and correct copy of which is attached hereto as Exhibit "B."

4.      This notice is therefore timely filed within the thirty (30) day period allowed by 28 U.S.C. § 1446(b).

5.      This suit involves a controversy between citizens of different states.

6.      Based upon information and belief, plaintiffs are citizens of New Jersey.

7.      The Removing Party is a citizen of Connecticut as it is incorporated under the laws of the State of Connecticut and its principal place of business is 100 Trap Falls Road Extension, Shelton, Connecticut.

8.      Based upon information and belief, defendant Vibration Sales and Promotions is a citizen of New York, is incorporated under the law of the State of New York, and has its principal place of business at 770 Lexington Avenue, New York, New York.

9.      Based on information and belief, defendant Et. Cetera Marking of NY, Inc. is a citizen of New York, is incorporated under the law of the State of New York, and has its principal place of business at 770 Lexington Avenue, New York, New York.

10.     As evidenced by Exhibit "C" hereto, codefendants Vibration Sales and Promotions and Et. Cetera Marking of NY, Inc. retained counsel, who has been advised of, and consents to, the removal of this case to this court.

2

192931.1

11.     The plaintiffs seek to recover damages in excess of $50,000, plus costs and interests.  *See*, Exhibit "A."

12.     Furthermore, while the Removing Party does not believe plaintiffs are entitled to any award in any amount, the Removing Party believes and therefore avers, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     This is an action over which this court could have had original jurisdiction under 28 U.S.C. §1332(a)(1), and which may be removed to this court by the Removing Party pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of one state and those of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14.     The Removing Party has simultaneously with the filing of this notice given written notice to counsel for plaintiffs and codefendants.

15.     The Removing Party is also filing a copy of this Notice of Removal and all attachments with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

192931.1

WHEREFORE, defendant W.E. Bassett Company, Inc. respectfully requests that this matter proceed in the United States District Court for the Eastern District of Pennsylvania as though originally commenced herein.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:   s/JMD 234/
      Jonathan Dryer, Esquire
      Damien Zillas, Esquire
      Pa. Atty. I.D. Nos. 34496/201552
      Attorneys for Defendant
      W.E. Bassett Company, Inc.
      The Curtis Center • Suite 1130 East
      Independence Square West
      Philadelphia, PA  19106
      (215) 627-6900

4

## CERTIFICATE OF SERVICE

Jonathon Dryer, Esquire states that he is a partner with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendant W.E. Bassett Company, Inc.; and that he did serve the foregoing Notice of Removal to Plaintiffs and Codefendants by depositing a copy of the same in the United States Post Office Box, enclosed in an envelope with postage prepaid fully, addressed as follows:

Robert J. Donaghy, Esquire
Stocking Works Building
301 South State Street
Newtown, Pennsylvania 18940
*Attorney for Plaintiff*

Mark F. Digiovanni
Law Offices of Francis R. Gartner & Associates
100 West Elm Street, Suite 200
Conshohocken, Pennsylvania 19422
*Attorney for Codefendants*

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:   s/JMD 234/
      Jonathan Dryer, Esquire
      Damien Zillas, Esquire
      Pa. Atty. I.D. Nos. 34496/201552
      Attorneys for Defendant
      W.E. Bassett Company, Inc.
      The Curtis Center • Suite 1130 East
      Independence Square West
      Philadelphia, PA  19106
      (215) 627-6900

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:    Jonathan Dryer, Esquire                                  Attorney for Defendants
       Damien Zillas, Esquire                                   W.E. Bassett Company, Inc
Identification Nos. 34496/201552
The Curtis Center • Suite 1130 East
Independence Square West
Philadelphia, PA  19106
(215) 627-6900

| | | |
|---|---|---|
| PATRICIA MIRAGLIA, et al. | : | COURT OF COMMON PLEAS |
| Plaintiffs | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | APRIL TERM, 2006 |
| | : | |
| | : | NO. 01290 |
| W.E. BASSETT COMPANY, INC., et al. | : | |
| Defendants | : | |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE PROTHONOTARY:

PLEASE TAKE NOTICE that defendant W.E. Bassett Company, Inc., by its attorneys,

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, has filed a Notice of Removal in the United

States District Court for the Eastern District of Pennsylvania.

A copy of said Notice of Removal is attached to this Notice, and served herewith.  Please

take all necessary actions to transfer the file to the Clerk of the United States Court for the

Eastern District of Pennsylvania.

Respectfully Submitted,
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
      Jonathan Dryer, Esquire
      Damien Zillas, Esquire
      Attorney for Defendants
      W.E. Bassett Company, Inc.

192931.1

# EXHIBIT "A"

File #: 125-024
**EDELSTEIN, BRASCETTA & STEINBERG, LLP**
**KEVIN B. STEINBERG, ESQUIRE**
Identification No.: 66584
230 South Broad Street, Suite 900
Philadelphia, PA  19102
(215) 893-9311

MAJOR JURY

Attorney for Plaintiffs

PATRICIA A. MIRAGLIA          AND
ANTHONY MIRAGLIA, H/W/
107 E. JEFFERSON AVENUE
WILDWOOD CREST, NJ 08260,
                    PLAINTIFFS

          V.

W.E. BASSETT COMPANY, INC.
100 TRAP FALLS ROAD EXTENSION
SHELTON, CT, 06484,
                    AND
VIBRATIONS SALES AND PROMOTIONS
770 LEXINGTON AVENUE
NEW YORK, NY 10021,
                    AND
ET. CETERA MARKETING OF NY,
INC.
770 LEXINGTON AVENUE FRONT
NEW YORK, NY 10021,
                    DEFENDANTS

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2006

NO.:

## COMPLAINT IN CIVIL ACTION-PERSONAL INJURY
## 2110 -PRODUCTS LIABILITY

1.      Plaintiffs, herein, Patricia A. Miraglia, and Anthony Miraglia, are husband and

wife and adult individuals, residing at 107 E. Jefferson Avenue, Wildwood Crest, NJ 08260.

2.      The Defendant herein, The W. E. Bassett Company, Inc. (hereinafter referred to as

"The Bassett Company") is a corporation or other business entity duly organized and existing

under and by virtue of the laws of the State of Connecticut, with a principal address of 100 Trap

Falls Road Extension, Shelton, CT 06484.

3.      The Defendant herein, Vibrations Sales and Promotions (hereinafter referred to as

"Vibrations") is, upon information and belief and after reasonable investigation, a corporation or

other business entity duly organized and existing under and by virtue of the laws of the State of

New York, with a principal address of 770 Lexington Avenue, New York, NY 10021.

4.      The Defendant herein, Et. Cetera Marketing of NY, Inc. (hereinafter referred to as

"Et. Cetera" is, upon information and belief and after reasonable investigation, a corporation or

other business entity duly organized and existing under and by virtue of the laws of the State of New York, with a principal address of 770 Lexington Avenue, New York, NY 10021.

5. At all times material hereto, the Defendant, The Bassett Company, regularly conducts business, and sells and/or distributes its products, including the product involved in the instant action, in the Commonwealth of Pennsylvania, in general, and the County of Philadelphia, in particular.

6. At all times material hereto, the Defendant, Vibrations, regularly conducted business, and sold and/or distributed its products, including the product involved in the instant action, in the Commonwealth of Pennsylvania, in general, and the County of Philadelphia, in particular.

7. At all times material hereto, the Defendant, Et Cetera, regularly conducted business, and sold and/or distributed its products, including the product involved in the instant action, in the Commonwealth of Pennsylvania, in general, and the County of Philadelphia, in general, and the County of Philadelphia, in general.

8. Upon information and belief, at all times material hereto, the Defendant, the Bassett Company, was engaged in the business of designing, marketing, manufacturing, fabricating, assembling, distributing, and/or selling Frosted Grip Eyelash Curlers.

9. Upon information and belief, at all times material hereto, the Defendant, Vibrations, was engaged in the business of designing, marketing, manufacturing, fabricating, assembling, distributing, and/or selling, Frosted Grip Eyelash Curlers.

10. Upon information and belief, at all times material hereto, the Defendant, Et. Cetera, was engaged in the business of designing, marketing, manufacturing, fabricating, assembling, distributing, and/or selling, Frosted Grip Eyelash Curlers.

11. Upon information and belief, some time prior to October 10, 2004, the Frosted Grip Eyelash Curler in question had been manufactured, marketed, designed, fabricated,

assembled, sold, and/or distributed by Defendant, The Bassett Company, to Defendants'

Vibrations and/or Et. Cetera.  Prior to October 10, 2004, the Plaintiff, Patricia A. Miraglia,

purchased a Frosted Grip Eyelash Curler in the City and County of Philadelphia, Commonwealth

of Pennsylvania, from a local retail store.

       12.     Upon information and belief, at the time of the aforesaid purchase of the Frosted

Grip Eyelash Curler in question by Plaintiff, Patricia A. Miraglia, from a local retailer in the City

and County of Philadelphia, Commonwealth of Pennsylvania, said Frosted Grip Eyelash Curler

was in the same condition as it was in and/or had not been substantially altered from its condition

at its time of manufacture, fabrication, assembly, distribution, and/or sale by Defendants, the

Bassett Company, Vibrations, and/or Et. Cetera.

       13.     Upon information and belief, at all times material hereto, the Defendants,

Vibrations and Et. Cetera, were acting as the agents and/or servants of the Defendant, The

Bassett Company, with respect to the design, marketing, fabrication, manufacture, assembly,

distribution, and/or sale of the particular Frosted Grip Eyelash Curler in question.

       14.     On or about October 10, 2004, the Plaintiff, Patricia A. Miraglia, was utilizing the

Frosted Grip Eyelash Curler when suddenly and without any warning, the grip of the eyelash

curler dislodged, struck her right below the right eye, resulting in the serious and permanent

injuries more particularly described below.

       15.     Upon information and belief, and after reasonable investigation, prior to October

10, 2004, the Frosted Grip Eyelash Curler's designed, manufactured, marketed, fabricated,

assembled, distributed, and/or sold by the Defendants', The Bassett Company, Vibrations, and

Et. Cetera, were recalled due to the fact that the handles to said eyelash curler's detached causing

injury to the eyes and face.

       16.     At all times material hereto, the Plaintiff, Patricia A. Miraglia, was utilizing the

Frosted Grip Eyelash Curler in question safely, properly, and in accordance with the instructions

provided in the packaging of said product.

17.     The aforesaid accident, and resulting injuries to Plaintiff, Patricia A. Miraglia, was due to the negligence, carelessness, liability producing conduct, and/or defective condition of the Frosted Grip Eyelash Curler in question, breach of warranties, and any other liability producing conduct of the Defendants' herein, individually, jointly and/or severally, and was not due in any respect to any conduct on the part of the Plaintiff, Patricia A. Miraglia.

18.     As a direct and proximate result of the aforesaid accident, the Plaintiff, Patricia A. Miraglia, suffered serious and permanent injuries, including, but not limited to: erythema of the right cheek; traumatic hematoma of the face under the right eye resulting in residual edema and hyper pigmentation at the injury site; need for laser surgery; permanent scarring; emotional injury; and cosmetic deformity and/or scarring, all to her great detriment and loss.

19.     As a further direct and proximate result of the aforesaid accident, and resulting injuries, the Plaintiff, Patricia A. Miraglia, has been in the past, and will be in the future, obliged to seek medical treatment and care in and about an effort to cure herself of her injuries, and has, as a result, incurred substantial medical expenses, to her great detriment and loss.

20.     As a further direct and proximate result of the aforesaid accident, and resulting injuries, the Plaintiff, Patricia A. Miraglia, has suffered pain, discomfort, frustration, embarrassment, cosmetic deformity, and/or scarring, loss of enjoyment of life's pleasures, and the inability to attend to her usual duties and occupations, all to her great detriment and loss.

**COUNT I**
**PLAINTIFF, PATRICIA A. MIRAGLIA V. DEFENDANT, THE BASSETT COMPANY**
**NEGLIGENCE**

21.     Plaintiff, Patricia A. Miraglia, hereby incorporates by reference the allegations contained in paragraphs one through twenty as if same were more fully set forth at length herein.

22.     Prior to the date of the accident herein, the Defendant. The Bassett Company, has designed, manufactured, assembled, fabricated, integrated, sold, supplied and/or caused to be

supplied and delivered the Frosted Grip Eyelash Curler, which was involved in the Plaintiff's accident.

23. At all times material hereto, the Defendant, The Bassett Company, was engaged in the business of designing, manufacturing, assembling, fabricating, integrating, distributing, selling, supplying, and/or causing to be supplied and delivering a certain Frosted Grip Eyelash Curler, which was involved in the Plaintiff's accident.

24. Defendant, The Bassett Company, was guilty of carelessness, recklessness, negligence, and other liability producing conduct, acting by and through its authorized agents, servants, distributors, and/or employees, which were a substantial factor in causing Plaintiff's injuries and damages, in the following respects:

a. Fabricating, designing, assembling, manufacturing, selling, supplying, installing, and/or distributing said Frosted Grip Eyelash Curler in a defective condition to Plaintiff, and all other users similarly situated;

b. Fabricating, designing, assembling, manufacturing, selling, supplying, installing, and/or distributing said Frosted Grip Eyelash Curler in a defective condition to Plaintiff in that the handles to said product detached, thus, causing injury to the eyes and face;

c. Fabricating, designing, assembling, manufacturing, installing, and/or distributing said Frosted Grip Eyelash Curler in a defective condition to Plaintiff without proper protective devices and safety features and/or supplying said Frosted Grip Eyelash Curler with safety features which were inadequate, impractical, and/or defective as set forth above;

d. Fabricating, designing, assembling, manufacturing, selling, supplying, causing to be supplied, installing and/or distributing said Frosted Grip Eyelash Curler in a defective condition to Plaintiff in such a manner that the Frosted Grip Eyelash Curler was susceptible to having its handled detached under normal and anticipated conditions and use;

e. Failing to design and/or manufacture said Frosted Grip Eyelash Curler in such

a manner so as to reasonably withstand normal use without causing the handles to detach and cause injury;

      f.      Failing to properly and adequately test said product, particularly testing the mechanisms and means for preventing the handles from detaching while in use;

      g.      Failing to design, fabricate, manufacture, sell, install, distribute, and/or assemble said product in a condition which was safe for its intended use;

      h.      Designing, fabricating, assembling, manufacturing, selling, supplying and/or distributing said product without adequate warnings, cautions, instructions and/or directions concerning the dangers and limitations of said product;

      i.      Selling and/or distributing a defective product which contained one or more defective components and/or inability to prevent the handles from detaching during normal and anticipated use;

      j.      Failing to ascertain before the sale and/or distribution of said product, that the product and/or a component of said product, i.e. the handles, was in a defective and dangerous condition;

      k.      Selling, distributing, and/or supplying said product, i.e. the Frosted Grip Eyelash Curler, with defective components, with knowledge of the intended use of said product; despite the fact that said product was defective;

      l.      Failing to exercise due care and caution under the circumstances;

      m.      Failing to warn of latent defects in the product, i.e. the detaching of the handles to the Frosted Grip Eyelash Curlers when used, thereby rendering it dangerous and unsafe for intended use; and

      n.      Such other acts or omissions constituting carelessness, recklessness, negligence and other liability producing conduct which may come to light during discovery or at Trial of this case.

WHEREFORE, Defendant, The Bassett Company, is liable to Plaintiff, Patricia A. Miraglia, under negligence theories, jointly and/or severally, in an amount in excess of $50,000.00, together with costs, interest, to be determined at the time of Trial.

### COUNT II
### PLAINTIFF, PATRICIA A. MIRAGLIA V. DEFENDANT, THE BASSETT COMPANY
### STRICT LIABILITY

25.     Plaintiff, Patricia A. Miraglia, hereby incorporates by reference the allegations contained in paragraphs one through twenty four as if same were more fully set forth at length herein.

26.     The aforesaid injuries and damages sustained by the Plaintiff, Patricia A. Miraglia, were caused by Defendant, The Bassett Company's sale, manufacture, supply, distribution, and/or delivery of said Frosted Grip Eyelash Curler in a defective and dangerous condition, lacking all necessary elements to insure its safe use.

27.     Upon information and belief, prior to the aforesaid accident, there had been no substantial change in the condition of the Frosted Grip Eyelash Curler in question from its condition when it was assembled, manufactured, sold, distributed, and/or supplied by Defendant, The Bassett Company.

28.     The Frosted Grip Eyelash Curler, which caused Plaintiff's serious injuries, was placed into the stream of commerce by Defendant, The Bassett Company, without the proper safety features, in an unsafe, defective and unreasonably dangerous condition for which Defendant, The Bassett Company, is strictly liable to Plaintiff pursuant to the Restatement (2d) of Torts, §402A.

WHEREFORE, Defendant, The Bassett Company, is liable to Plaintiff, Patricia A. Miraglia, herein under a strict liability theory, jointly and/or severally, in an amount in excess of $50,000.00, together with costs, interest, to be determined at the time of Trial.

## COUNT III
## PLAINTIFF', PATRICIA A. MIRAGLIA V. DEFENDANTS', THE BASSETT COMPANY, VIBRATIONS AND ET. CETERA
## BREECH OF WARRANTY

29.    Plaintiff, Patricia Miraglia, hereby incorporates by reference the allegations contained in paragraphs one through twenty eight as if same were more fully set forth at length herein.

30.    Supplying, distributing, and/or marketing the aforementioned Frosted Grip Eyelash Curler, constituted a "sale of goods" within the meaning of the Uniform Commercial Code (UCC), §2-102, 13 Pa. C.S.A. §201, et. seq.

31.    The sale of the aforementioned Frosted Grip Eyelash Curler, by operation of law, created implied warranties of fitness that the Frosted Grip Eyelash Curler was fit for the particular purpose for which it was intended, as well as for its ordinary purpose, and that the Frosted Grip Eyelash Curler was of fair and merchantable quality.

32.    By reason of the defective design, failure to warn of the dangers, supply of information, brochures and advertisements, and failure to take the necessary safety precautions, the Frosted Grip Eyelash Curler involved in the Plaintiff's accident, was not fit for the ordinary, anticipated and particular purpose for which it was intended, nor was same of fair and merchantable quality.

33.    Upon information and belief, the aforesaid injuries to the Plaintiff, Patricia A. Miraglia, were caused by misrepresentations of material fact concerning the quality and/or nature of said Frosted Grip Eyelash Curler, for which Defendants, The Bassett Company, Vibrations, and/or Et. Cetera, are liable to the Plaintiff.

34.    Upon information and belief, in manufacturing, marketing, promoting, distributing, selling, supplying, assembling, fabricating, and/or delivering the aforesaid Frosted Grip Eyelash Curler, each Defendant expressly warranted that said product complied with and/or exceeded certain applicable standards, and may also have warranted other facts about such product, including implied warranties created by law, concerning the fitness and safeness for said product during its ordinary

and particular purposes. Said warranties have been breeched in that said product did not conform to the representations made and/or implied by each Defendant.

WHEREFORE, Defendants', The Bassett Company, Vibrations, and/or Et. Cetera, individually, jointly and/or severally, are liable to the Plaintiff, Patricia A. Miraglia, under breech of warranty theories, in an amount in excess of $50,000.00, together with interest, costs, to be determined at the time of Trial.

## COUNT IV
### PLAINTIFF', PATRICIA A. MIRAGLIA V. DEFENDANTS', VIBRATIONS AND ET. CETERA
### NEGLIGENCE

35.     Plaintiff, Patricia A. Miraglia, hereby incorporates by reference the allegations contained in paragraphs one through thirty four as if same were more fully set forth at length herein.

36.     The aforesaid accident and resulting injuries to Plaintiff, Patricia A. Miraglia, were caused by the negligence, carelessness, recklessness, and liability producing conduct of the Defendants', Vibrations and/or Et. Cetera, its agents, servants, ostensible agents, and employees, which consisted of, but is not limited to, the following:

a.      Failing to properly inspect said Frosted Grip Eyelash Curler before selling, distributing, marketing, providing, and/or selling it to the retailer from whom the Plaintiff, Patricia A. Miraglia, purchased said product;

b.      Failing to provide proper warnings and instructions accompanying said Frosted Grip Eyelash Curler;

c.      Failing to sell, market, and/or distribute a Frosted Grip Eyelash Curler, which contained properly working safety mechanisms to prevent the handles from detaching when said Frosted Grip Eyelash Curler was in use, and to prevent the handles of said product from detaching during ordinary and customary use;

d.      Failing to provide all features necessary so that the safety mechanisms of said product would be operable;

e.     Failing to provide proper and safe information concerning whether or not the Frosted Grip Eyelash Curler could be safely placed and utilized in the stream of commerce, prior to its sale to the retailer where the Plaintiff, Patricia A. Miraglia, purchased said product;

f.     Failing to provide proper instructions and warnings to Plaintiff, in general, and consumers, in general, on whether the Frosted Grip Eyelash Curler could be safely placed in the stream of commerce;

g.     Failing to provide proper instructions and warnings to Plaintiff, in general, and consumers, in general, concerning the propensity for the handles of the Frosted Grip Eyelash Curler to detach while being utilized properly and/or in a foreseeable manner;

h.     Failing to provide proper instructions and warnings to Plaintiff, in particular, and consumers, in general, concerning the defect in and/or lack of proper safety mechanisms to prevent the handles of the Frosted Grip Eyelash Curler from detaching and causing injury; and

i.     Vicarious liability for the negligence of its agents, servants, ostensible agents, contractors, and/or employees of the Defendants', Vibrations and/or Et. Cetera, and for the negligence, carelessness, recklessness, and liability producing conduct of its agents, servants, ostensible agents, employees, and/or independent contractors of Defendants', Vibrations and/or Et. Cetera, under its direction.

WHEREFORE, Defendants', Vibrations and Et. Cetera, are liable to Plaintiff, Patricia A. Miraglia, under negligence theories, individually, jointly and/or severally, in an amount in excess of $50,000.00, together with costs, interests, to be determined at the time of Trial.

### COUNT V
## PLAINTIFF', PATRICIA A. MIRAGLIA V. DEFENDANTS', VIBRATIONS AND ET. CETERA
### STRICT LIABILITY

37.     Plaintiff, Patricia A. Miraglia, hereby incorporates by reference the allegations contained in paragraphs one through thirty six as if same were more fully set forth at length herein.

38.     Upon information and belief, prior to the time of the accident in question,

Defendants', Vibrations and/or Et. Cetera, distributed, sold, marketed, and/or provided the Frosted Grip Eyelash Curler in question to the retail store, where the Plaintiff, Patricia A. Miraglia, purchased said product.

39.    The aforesaid injuries and damages sustained by the Plaintiff, Patricia A. Miraglia, were caused by Defendants', Vibrations and/or Et. Cetera's sale, supply, marketing, and/or delivery of said Frosted Grip Eyelash Curler in a defective and dangerous condition, lacking all necessary elements to insure its safe use.

40.    Upon information and belief, prior to the aforesaid accident, there had been no substantial change in the condition of the Frosted Grip Eyelash Curler from its condition when it was assembled, manufactured, sold, distributed, and/or supplied by Defendants' Vibrations and/or Et. Cetera.

41.    The Frosted Grip Eyelash Curler, which caused Plaintiff's serious injuries, was placed into the stream of commerce by Defendants', Vibrations and/or Et. Cetera, without the proper safety features, in an unsafe, defective and unreasonably dangerous condition for which Defendants' Vibrations and/or Et. Cetera, are strictly liable to Plaintiff pursuant to the Restatement (2d) of Torts, §402A.

WHEREFORE, Defendants' Vibrations and/or Et. Cetera, are liable to the Plaintiff, Patricia A. Miraglia, under strict liability theories, individually, jointly and/or severally in an amount in excess of $50,000.00, together with costs, interests, to be determined at the time of Trial.

## COUNT VI
### PLAINTIFF', ANTHONY MIRAGLIA V. DEFENDANTS', THE BASSETT COMPANY, VIBRATIONS, AND ET. CETERA LOSS OF CONSORTIUM

42.    Plaintiff, Patricia A. Miraglia, hereby incorporates by reference the allegations contained in paragraphs one through forty one as if same were more fully set forth at length herein.

43.    At all timed relevant hereto, Anthony Miraglia has been and is the spouse of Plaintiff, Patricia A. Miraglia.

44.    As a direct and proximate result of the conduct of Defendants, as described above and the resultant injuries and damages to Plaintiff, Patricia A. Miraglia, Plaintiff, Anthony Miraglia, has suffered and will suffer in the future, a loss of society, services, companionship, comfort, guidance, physical assistance, and the consortium of his spouse.

WHEREFORE, Defendants', The Bassett Company, Vibrations, and Et. Cetera, are liable to the Plaintiff, Anthony Miraglia, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, to be determined at the time of Trial.

WHEREFORE, Defendants', The Bassett Company, Vibrations, and Et. Cetera, are liable to the Plaintiffs', Patricia A. Miraglia and Anthony Miraglia, h/w/ individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, to be determined at the time of Trial, upon each count of the aforesaid cause of action. The damages claimed herein exceed the amount requiring Arbitration referral.

Respectfully Submitted,

EDELSTEIN, BRASCETTA & STEINBERG, LLP

Date: 4-10-06            By: _____

KEVIN B. STEINBERG, ESQUIRE
Attorney for Plaintiffs' Patricia A. Miraglia and
Anthony Miraglia, h/w

## VERIFICATION

The undersigned, having read the attached pleading verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

PATRICIA A. MIRAGLIA

DATE: 4-10-06

File No.: 125.024

## VERIFICATION

The undersigned, having read the attached pleading verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_Anthony Miraglia_
ANTHONY MIRAGLIA

DATE: 4-10-06

File No.: 125.024

EXHIBIT "B"

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000  Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wilsonelser.com

Rosario M. Vignali

April 26, 2006

Edelstein, Brascetta & Steinberg, LLP
230 South Broad Street
Suite 900
Philadelphia, PA  19102

Attn:  Kevin Steinberg, Esq.

Re:  Miraglia v. W.E. Bassett Company, Inc., et al.
Our File No.  :  08363.00001

Dear Mr. Steinberg:

Attached is the fully executed Certification of Service indicating that I have accepted service on behalf of W.E. Bassett Company on April 24, 2006.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Rosario M. Vignali

RMV:slc
Enclosure

1156311.1

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. MIRAGLIA              AND<br>ANTHONY MIRAGLIA, H/W/<br>107 E. JEFFERSON AVENUE<br>WILDWOOD CREST, NJ 08260,<br>                              PLAINTIFFS<br><br>                 v.<br><br>W.E. BASSETT COMPANY, INC.<br>100 TRAP FALLS ROAD EXTENSION<br>SHELTON CT, 06484,<br>                                   AND<br>VIBRATIONS SALES AND PROMOTIONS<br>770 LEXINGTON AVENUE<br>NEW YORK, NY 10021,<br>                                   AND<br>ET. CETERA MARKETING OF NY,<br>INC.<br>770 LEXINGTON AVENUE FRONT<br>NEW YORK, NY 10021,<br><br>                 DEFENDANTS | CIVIL ACTION<br>(On Removal from the Philadelphia,<br>Pennsylvania Court of Common<br><br>No.: 06- |

## CONSENT TO REMOVAL OF ACTION

Defendants Vibrations Sales and Promotion and Et. Cetera Markting of NY hereby

advise this Court that they consent to the removal of the state court action described in the Notice

of Removal filed by W.E. Bassett Company, Inc.

The undersigned states that he has authority to give consent to the removal of this action

on behalf of defendants Vibrations Sales and Promotion and Et Cetera Markting of NY.

By: _____